FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ NOV 30 2011 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JOANNA PIMENTEL,

                Petitioner,

-against-

THE UNITED STATES OF AMERICA,

                Respondent.
------------------------------------------------------------x

NOT FOR PRINT OR ELECTRONIC PUBLICATION

MEMORANDUM & ORDER

11-CV-4724 (SJ)

JOHNSON, Senior United States District Judge.

Petitioner Joanna Pimentel, who is currently incarcerated at the Federal Correctional Institution in Danbury, Connecticut, brings this *pro se* petition seeking a writ of error under the All Writs Act, 28 U.S.C. § 1651(a). Her request to proceed *in forma pauperis* is granted. For the reasons discussed below, the petition is dismissed.

## BACKGROUND

Petitioner and a codefendant were convicted by a jury in this Court on February 10, 2001. Petitioner was convicted of murder in aid of racketeering and related offenses and sentenced to life imprisonment. The Court denied her motion for a new trial on May 30, 2002. United States v. Pimental, No. 99-CR-1104-SJ, 2002 WL 1208679, at *1 (E.D.N.Y. May 30, 2002). The United States Court of Appeal for the Second Circuit affirmed the conviction on October 8, 2003, and the United States Supreme Court denied the writ of certiorari on November 1, 2004. United States v. Pimentel, 346 F.3d 285, 305 (2d Cir. 2003), cert. denied, 543 U.S. 955 (2004).

Thereafter, petitioner filed a petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2255 ("§ 2255"), which was denied by this Court on August 20, 2007. United States v. Pimentel, No. 05 CV 4996, 2007 WL 2915152 (E.D.N.Y. Aug. 20, 2007). On July 23, 2010, petitioner filed a "Motion for Modification or Reduction of Sentence" pursuant to 18 U.S.C. § 3582(c)(2), in

which she argued for the retroactive application of amendments to the Sentencing Guidelines. That motion remains pending.

On September 27, 2011, petitioner filed the instant motion for a writ of error. She argues that she is entitled to relief from the judgment of conviction on the basis of "recently discovered errors of magnitude in trial issues." (Pet. at 2.) The alleged errors are (1) the misuse of a nickname at trial, and (2) a lack of federal jurisdiction over the charged crimes. Petitioner attaches pages from the trial transcript that appear to be portions of the summations by the government and defense counsel and the trial court's jury charge.

## DISCUSSION

The writ of error *coram nobis* is a common-law writ that has largely been replaced in the federal criminal context by the statutorily constructed writ of *habeas corpus* available in 28 U.S.C. § 2241 and § 2255. "Though formally abolished in civil cases, see Fed. R. Civ. P. 60(b), the writs of error *coram nobis* and *audita querela* remain available in very limited circumstances with respect to criminal convictions." United States v. LaPlante, 57 F.3d 252, 253 (2d Cir. 1995) (citing United States v. Morgan, 346 U.S. 502 (1954), in support of the continuing validity of *coram nobis* relief). Generally, prisoners must use the statutorily created remedies, and the common-law writs are limited to circumstances where there are gaps in the statutory framework and the unavailability of any post-conviction relief might raise questions as to the constitutional validity of the statutory remedies. Carlisle v. United States, 517 U.S. 416, 429 (1996) ("[T]he All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." (quoting Pennsylvania Bureau of Correction v. United States

Marshals Service, 474 U.S. 34, 43 (1985))); Triestman v. United States, 124 F.3d 361, 380 n.24 (2d Cir. 1997)("It is possible that these remedies might be deemed available if their existence were necessary to avoid serious questions as to the constitutional validity of both § 2255 and § 2244"). Such a gap could exist and a writ of error *coram nobis* may be available where the petitioner is no longer in custody and therefore cannot pursue direct review or collateral relief through § 2255. Porcelli v. United States, 404 F.3d 157, 158 (2d Cir. 2005).

The common law writs may not be used to circumvent the procedural requirements of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). "[T]he statutory limits on second or successive habeas petitions do not create a "gap" in the post-conviction landscape that can be filled with the common law writs." Carrington v. United States, 503 F.3d 888, 890 (9th Cir. 2007); see also Ortiz v. New York, 75 Fed. Appx. 14, 17, 2003 WL 22055147, at *3 (2d Cir. Sept. 4, 2003)("Prisoners bringing actions that fall within the scope of 28 U.S.C. § 2255 may not evade the restrictions on such actions by seeking a writ of coram nobis." (citation omitted).); Triestman, 124 F.3d at 376-77 (holding that § 2255 would not be considered an "inadequate or ineffective" post-conviction remedy merely because it was procedurally unavailable; a prisoner must also show that "the failure to allow for collateral review would raise serious constitutional questions").

In the instant situation, the writ of error *coram nobis* is not available to petitioner. Because she remains in custody, petitioner may only challenge her conviction or sentence through a *habeas corpus* petition pursuant to § 2255. She has not identified any other gap in the statutory framework for post-conviction relief. Petitioner cannot now seek a writ of error under the All Writs Act as a means to circumvent AEDPA's requirements.

Petitioner may bring her claims in a subsequent *habeas corpus* petition pursuant to § 2255.

3

Since she has already filed a *habeas* petition pursuant to § 2255, she must request leave of the Court of Appeals to file a second or successive petition.

## CONCLUSION

For the foregoing reasons, the petition for a writ of error *coram nobis* is dismissed. The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/S/
STERLING JOHNSON, Jr.
Senior United States District Judge

Dated: Brooklyn, New York
November 30, 2011