FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ FEB 02 2012 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NOT FOR PRINT OR
ELECTRONIC
PUBLICATION

----------------------------------------------------------x
JOANNA PIMENTEL,

                     Petitioner,

  -against-

THE UNITED STATES OF AMERICA,

                     Respondent.
----------------------------------------------------------x

MEMORANDUM &
ORDER

11-CV-4724 (SJ)

JOHNSON, Senior United States District Judge.

On September 17, 2011, petitioner Joanna Pimentel filed a motion for a writ of error under the All Writs Act, 28 U.S.C. § 1651(a). By Order dated November 30, 2011, the Court granted her request to proceed *in forma pauperis*, but dismissed the motion in its entirety. On December 14, 2011, petitioner filed a Motion to Alter or Amend the Judgment, pursuant to Federal Rule of Civil Procedure 59(e). For the reasons that follow, the motion is denied.

## BACKGROUND

The Court previously summarized petitioner's February 10, 2001 conviction and post-conviction proceedings in the November 30, 2011 Order. On October 18, 2005, petitioner filed a petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2255 ("§ 2255"), which was denied by this Court on August 20, 2007. United States v. Pimentel, No. 05 CV 4996, 2007 WL 2915152 (E.D.N.Y. Aug. 20, 2007). In her September 27, 2011 motion for a writ of error, petitioner argued that she is entitled to

P-049

relief from the judgment of conviction on the basis of "recently discovered errors of magnitude in trial issues."

In its November 30, 2011 Order, this Court considered whether it had jurisdiction over her claims under the All Writs Act, and explained that it does not: "[T]he All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." Carlisle v. United States, 517 U.S. 416, 429 (1996) (quoting Pennsylvania Bureau of Correction v. United States Marshals Service, 474 U.S. 34, 43 (1985)). Since petitioner's claims are already covered by 28 U.S.C. § 2241 and § 2255 and there are no gaps in the statutory framework, she must use the statutorily created remedies; the common-law writs, including both the writ of error *coram nobis* and the writ of *audita querela*, are not available. See Triestman v. United States, 124 F.3d 361, 380 n.24 (2d Cir. 1997) ("It is possible that these remedies might be deemed available if their existence were necessary to avoid serious questions as to the constitutional validity of both § 2255 and § 2244.")

The November 30, 2011 Order also explained that petitioner could bring her claims in a subsequent *habeas corpus* petition pursuant to § 2255, but only if she requested leave of the Court of Appeals to file a second or successive petition, since

2

P-049

she has already filed a *habeas* petition pursuant to § 2255. "A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255.

Petitioner's December 14, 2011 Motion asserts that the Court should have construed her September 27, 2011 petition as a motion for a writ of *audita querela* or as a motion to reopen the prior § 2255 petition that had been denied on August 20, 2007.

## DISCUSSION

A motion for reconsideration of a court's judgment is permitted under Rule 59 of the Federal Rules of Civil Procedure, which permits a party to file a motion to alter or amend the judgment within 28 days after entry of judgment. Fed. R. Civ. P. 59(e). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be

3

P-049

expected to alter the conclusion reached by the court." Shrader v. CSX Transp. Inc., 70 F.3d 255, 257 (2d Cir. 1995). "It is well-settled that Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998). Motions for reconsideration are also governed by Local Civil Rule 6.3, which requires that the movant file "a memorandum setting forth concisely the matters or controlling decisions which [the movant] believes the court has overlooked." Local Civil Rule 6.3.

The December 14, 2011 motion fails to allege any controlling legal argument or facts that this Court overlooked. Petitioner's first statement, that the Court should have construed her prior motion as a writ for *audita querela* relief, was addressed in the Court's November 30, 2011 Order. As the Court previously explained, the common-law writs, including both the writ of error *coram nobis* and the writ of *audita querela*, are unavailable where there are no gaps in the statutory framework of 28 U.S.C. § 2241 and § 2255. Petitioner has not identified any matters that would alter this conclusion.

Petitioner's second suggestion, that the Court should have construed her prior motion as one made pursuant to Rule 60(b) to reopen her earlier petition pursuant to § 2255, is equally without merit. A motion under Rule 60(b) of the Federal Rules of Civil Procedure must be made within a reasonable time, and, in the case of a motion

4

on the grounds of newly discovered evidence, it must be made no more than a year after the entry of the judgment. Fed. R. Civ. P. 60(c)(1). Petitioner's prior § 2255 petition was filed on October 18, 2005 and denied on August 20, 2007. A Rule 60(b) motion to reopen that judgment would have been dismissed as untimely. Accordingly, there were no grounds for the Court to construe her September 27, 2011 motion as a Rule 60(b) Motion related to her 2005 petition.

Nothing in petitioner's December 14, 2011 motion points to any matter that might reasonably be expected to alter the conclusion reached by the Court in its November 30, 2011 Order denying her September 27, 2011 Motion for a Writ of Error. Accordingly, petitioner's Rule 59 Motion to alter or amend the judgment is denied.

## **CONCLUSION**

As petitioner has not alleged any facts or arguments sufficient to warrant relief from the Court's November 30, 2011 Order denying her petition for a writ of error pursuant to 28 U.S.C. § 1651(a), the motion to reconsider that Order is denied. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

P-049

SO ORDERED.

/S/
───────────────────────
STERLING JOHNSON, Jr.
Senior United States District Judge

Dated: Brooklyn, New York
       February 2, 2012

P-049